UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NICOLE CARRYL | CIVIL ACTION |
| Plaintiff | NUMBER: 10-1055 |
| VERSUS | |
| CITY OF NEW ORLEANS | |
| through MAYOR C. RAY NAGIN | SECT ___ MAG. ___ |
| NEW ORLEANS POLICE DEPARTMENT | |
| CHIEF WARREN J. RILEY | JURY TRIAL REQUESTED |
| LIEUTENANT CHRIS CAMBIOATTI | |
| ABC INSURANCE (INSURER FOR CITY OF NEW ORLEANS) | |
| AND XYZ INSURANCE (INSURER FOR NEW ORLEANS POLICE DEPARTMENT) | |
| Defendants | |

### COMPLAINT FOR DAMAGES PURSUANT TO 42 USCA §1983; LSA R.S. 2315; and LSA R.S. 2320

**I. JURISDICTION**

1. This action is brought pursuant to 42 USC 1983.  Jurisdiction is founded on 28 USC Section 1331 and 1343, and the Fourth and Fourteenth Amendments to the Constitution of the United States.  Supplemental jurisdiction over claims under state constitutional and statutory law is also invoked. Venue is proper pursuant to 28 USCA §1391(b).   A jury trial is requested.

**II. PARTY PLAINTIFF**

2. Plaintiff Nicole Carryl ("Ms. Carryl") is a person of the full age of majority and a resident of New Orleans, Louisiana.

**III. PARTY DEFENDANTS**

3. Defendant City of New Orleans ("City") made a defendant herein, is a

political subdivision of the State of Louisiana and a municipal corporation, which was at all relevant times the employer of the defendant, New Orleans Police Department ("NOPD") and its personnel, who are named defendants herein. Defendant City is directly liable for the acts complained of herein due to the policies, practices, procedures, customs, and deliberate indifference of its police department and its employees. It is also responsible for the hiring, training, supervision, discipline, and control of the NOPD personnel named as defendants herein. Defendant City is also vicariously liable for the actions of its employees as described herein, under state law.

4. Defendant WARREN RILEY was the Superintendent of Police for the City of New Orleans at all pertinent times herein. He was responsible for the policies, practices, customs, procedures, and deliberate indifference of the NOPD, as well as the hiring, training, supervision, discipline, and control of police personnel under his command, which includes the NOPD defendant named and references herein. He is of the full age of majority and upon information and belief a resident of the Eastern District of Louisiana. He is sued in his individual and official capacity. At all pertinent times herein he was acting under color of law and in the course and scope of his employment with the City of New Orleans. He was a policymaker for the City of New Orleans, relating to police practices, policies, customs, and procedures.

5. Defendant Lt. Chris Cambiotti ("Lt. Cambiotti", or "officer" or "police

2

officer") is a person of the full age of majority and on information and belief a resident of the Eastern District of Louisiana.  At all pertinent times herein, he was acting under color of state law and in the course and scope of his employment with the City of New Orleans.  He is sued in his individual capacity.

6.  At all times material throughout this complaint, each of the defendants was acting under color of state law, ordinance, and/or regulation.

**IV. STATEMENT OF FACTS**

7.  On or about Sunday, May 3, 2009, at 10:30AM, Ms. Carryl arrived at Gentilly Rd. near the Fairgrounds of the New Orleans JazzFest with the Pathfinder Club, a national youth leadership organization.

8.  The Pathfinder Club was on site soliciting donations from passersby for their national camporee, scheduled to take place in August 2009, in Oshkosh, Wisconsin.

9. Ms. Carryl, a counselor for the organization, was dressed in full Pathfinder Club scouting uniform.

10. At approximately 1:25 PM, a passerby handed Ms. Carryl a JazzFest ticket, telling her that it was his donation to the fundraising effort and that she should sell the ticket for its face value and include the proceeds among other donated funds.

11. A few minutes later, with ticket in hand, Ms. Carryl raised her hand, while talking with a fellow counselor.

12. At approximately 1:35PM, a plain clothed white male, later identified as Lt. Cambiotti, said to Ms. Carryl, "Hey, girl, what you got there?"

13. When Ms. Carryl did not respond, Lt. Cambiotti called out louder: "Hey girl, you heard me talking to you!  I said what are you doing!"

14. Ms. Carryl responded: "I heard you calling me, but I don't respond to 'Hey girl,' and furthermore, that's not how you speak to a young lady." Ms. Carryl proceeded to walk away from Lt. Cambiotti and toward a cohort of uniformed police officers standing near Gentilly Rd., where she and the Pathfinder Club had been soliciting donations.

15. Seconds later, Lt. Cambiotti grabbed Ms. Carryl from behind, by her shirt collar and uniform scarf/neck-wear yelling, "What did you say to me? I call you what I want to call you!"

16.   Ms. Carryl screamed for other Pathfinder counselors to come to her aid and tried pulling away from Lt. Cambiotti's grip. Pathfinder members and passersby among the JazzFest crowd also began screaming for Lt. Cambiotti to release Ms. Carryl.

17. The uniformed police officers ran to the scene and, at about the same time, Lt. Cambiotti threw Ms. Carryl against a nearby vehicle, pulled out his badge, and identified himself as "N.O.P.D."

18.  Lt. Cambiotti yelled, "Give me that ticket!" as he snatched the ticket from Ms. Carryl's hands.

19.  Lt. Cambiotti instructed a uniformed officer to handcuff Ms. Carryl.

4

20. Shocked and dismayed, Ms. Carryl repeatedly asked what she had done wrong. She pleaded to the uniformed officer to explain what happened and stated that Lt. Cambiotti did not identify himself as a police officer when calling her "girl" and asking what she was doing.

21. One of the uniformed officers began asking Ms. Carryl questions about what happened; however, before she could answer, Lt. Cambiotti said, "I am the Lieutenant on duty and I am not discussing anything with her or anyone else. Take her to jail."

22. Lt. Cambiotti instructed the transporting officer to charge Ms. Carryl with obstructing an officer/resisting arrest and ticket scalping, emphasizing that the transporting officer "put selling tickets above face value on the report."

The following facts may also be established:

23. At no point leading up to, during, or following her arrest and transport to jail was Ms. Carryl Mirandized.

24. The previously described events, caused by the actions of Lt. Cambiotti, were done in willful, malicious, wanton, and reckless disregard for Ms. Carryl's constitutional rights.

25. These actions caused physical damage to Ms. Carryl's neck and, when Lt. Cambiotti yanked her from behind and threw her against a vehicle, and Ms. Carryl's arms and wrists, specifically swelling and blistering, when she was placed in tightly fastened handcuffs.

26. Lt. Cambiotti's actions and verbal assaults caused Ms. Carryl to suffer

5

mental, psychological, and emotional trauma.

27. Ms. Carryl followed proper procedure and exercised due diligence in filing a complaint with the New Orleans Police Department's Police Integrity Division on or around July 5, 2009.

28. On July 16, 2009, Sergeant Joseph-Leroy Smith from Police Integrity, requested additional information from Ms. Carryl, which she provided.

29. Despite several attempts to follow-up with Sgt. Smith and receive a status, or outcome, report for her complaint, Ms. Carryl has not heard from Police Integrity, since July 16, 2009.

30. On information and belief, the defendant officer named herein has been involved in other incidents relating to the violation of the rights of individuals with no appropriate investigation, discipline, accountability or consequence thereto, which was known, must have or should have been known by defendant Superintendent RILEY.  Superintendent Riley, thus, implicitly approved of, ratified, and condoned these actions.

31. Plaintiff Ms. Carryl was subjected to an illegal arrest by use of unreasonable and excessive force by Lt. Cambiotti and denied substantive due process in violation of the Fourteenth Amendment; for these violations, she is entitled to damages.

32. Ms. Carryl is also entitled to relief for damages suffered pursuant to LSA C.C. Art. 2315.

33. All of the actions by Lt. Cambiotti described herein took place under

color of law and within the course and scope of his employment with NOPD, which is employed by City.

### V. CAUSES OF ACTION

34. Plaintiff re-alleges paragraphs 1-33.

35. Defendants' actions violated Ms. Carryl's constitutional rights to privacy, liberty, and substantive due process as guaranteed by the Fourteenth Amendment and pursuant to 42 USC 1983.

36. Defendants' actions, in illegally detaining Ms. Carryl, violated her Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure and her right to due process of law, all in violation of 42 USC 1983.

37. Defendants' actions resulted in intentional infliction of emotional distress on Ms. Carryl, which was foreseeable and avoidable.

38. The actions of the defendants as described above were done maliciously, willfully, wantonly, and/or in reckless disregard for Ms. Carryl's constitutional rights.

39. The constitutional violations and injuries to Ms. Carryl were directly and proximately caused by customs, policies, and practices of defendant City, through the New Orleans Police Department, and defendant Warren Riley, as Superintendent of Police.

40. The acts and omissions of defendants as described herein were also done with negligence, gross negligence, and/or intent, in violation of Ms. Carryl's rights under Louisiana statutory and constitutional law to be free from false

arrest, battery, assault, intentional infliction of emotional distress, and unreasonable search and seizure and to enjoy the right to privacy, liberty, and due process. LSA C.C. Art. 2315.

41. City negligently hired, retained, supervised, failed to discipline and entrusted NOPD, through Superintendent Warren and Lt. Cambiotti, in violation of Louisiana law.

42. City is vicariously liable for the acts and omissions of NOPD and its agent Lt. Cambiotti. LSA C.C. Art. 2320.

43. Defendants are jointly and severally liable for the wrongs complained of herein, either by virtue of direct participation or by virtue of encouraging, aiding, abetting, committing, and/or ratifying and condoning the commission of the above described acts and/or omissions.

## VI. DAMAGES

44. Ms. Carryl suffered compensatory, special, and punitive damages in excess of $75000 for the following:

1. Extreme mental anguish and emotional distress as a result of being falsely arrested, physically assaulted, and battered by Lt. Cambiotti.
2. Extreme mental anguish and emotional distress as a result of Mr. Cambiotti's intentional infliction of emotional distress.
3. Violation of her civil rights.
4. Punitive damages for egregious acts and omissions of defendants.

45. Plaintiff is entitled to attorney fees for prosecution of this matter.

46. Plaintiff requests a trial by jury.

## VII.    PRAYER FOR RELIEF

Wherefore, plaintiff prays that after due proceedings there be judgment in her behalf and against all defendants jointly, severally, and in solido, as follows:

1. Compensatory, special, and punitive damages;

2. The cost of this action and reasonable attorney fees, as provided by 42 USCA 1983;

3. Judicial interest from the date of judicial demand;

4. Trial by jury; and

5. Such further relief as this Court deems just and equitable.

Respectfully submitted this 6th day of April, 2010.

Nghana Lewis Gauff, JD, PhD

_____
Nghana Lewis Gauff
LSBA 31407
Attorney for Plaintiff
Nghana Lewis Gauff, LLC
670 W 2nd Street
LaPlace, LA 70068
(504) 957-2684
(985) 651-2951, Fax

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Petition for Damages with pleadings was served by certified mail on the 8th day of April, 2010, to the following individuals:

City of New Orleans
Through its agents for service:
Penya Moses-Fields, Esq.
City Attorney
1300 Perdido Street, 5th Floor
New Orleans, LA 70112

Superintendent Warren Riley
New Orleans Police Department
715 S. Broad
New Orleans, LA 70119

Lieutenant Chris Cambiotti
New Orleans Police Department
1st Police District
501 North Rampart Street
New Orleans, LA 70112

                                          Nghana Lewis Gauff, 31407
                                          Plaintiff's Attorney